ADAM J. BREEDEN, ESQ.
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HUNTER SMITH, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>DOUGLAS COUNTY on relation of the DOUGLAS COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; MATTHEW SAMPSON, individually; CHRISTOPHER CARSON, individually; DOES I-V, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiff, HUNTER SMITH, by and through his counsel, Adam J. Breeden, Esq. of BREEDEN & ASSOCIATES, PLLC, hereby alleges the following as his Complaint for violations of his civil rights as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, HUNTER SMITH is a resident and citizen of the State of Nevada, County of Carson City, and was at all times relevant to this Complaint.

2. Defendant DOUGLAS COUNTY SHERIFF'S OFFICE (hereinafter referred to as "Defendant Douglas"), is a public agency police department operating in the County of Douglas, State of Nevada. It is a "law enforcement agency" as that term is defined in NRS § 289.010(2) and NRS § 289.150(1), and is political subdivision of Douglas County, Nevada.

3. Defendant, Deputy MATTHEW SAMPSON is, on information and belief, a resident and citizen of the State of Nevada, County of Douglas, and was at all times relevant to this

Complaint. This Defendant is a "peace officer" with the DOUGLAS COUNTY SHERIFF'S OFFICE in the State of Nevada as that term is defined in NRS § 289.150(1).

4. Defendant, Deputy CHRISTOPHER CARSON is, on information and belief, a resident and citizen of the State of Nevada, County of Douglas, and was at all times relevant to this Complaint. This Defendant is a "peace officer" with the DOUGLAS COUNTY SHERIFF'S OFFICE in the State of Nevada as that term is defined in NRS § 289.150(1).

5. Venue is proper in the United States District Court of Nevada pursuant to 28 U.S. Code § 1391 as the Defendants reside in the District of Nevada and a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. The United States District Court of Nevada has personal jurisdiction over the Defendants because they are residents of the State of Nevada or governmental entities part of the State of Nevada or have minimum contacts with the State of Nevada under NRS §14.065 and Fed. R. Civ. P. 4(k)(1)(a).

7. The United States District Court of Nevada has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal question jurisdiction), as this Complaint raises issues of federal law, both Constitutional and statutory. Federal jurisdiction for related state law claims is asserted under 28 USC § 1367 (supplemental jurisdiction).

8. The causes of action contained herein do not require exhaustion of administrative remedies. *Eggleston v. Stuart*, 495 P.3d 482, 486 (Nev. 2021) ("a party generally is not required to exhaust administrative remedies before filing a § 1983 civil rights claim"). However, to the extent required by Nevada law, a notice of claim was sent to the Douglas County Sheriff's Office on or about June 25, 2024, with no response.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. On or about August 14, 2023, Plaintiff SMITH was stopped in an investigatory stop in front of a Best Buy store by Defendants SAMPSON and CARSON.

10. During the stop, several officers, including Defendants DEPUTY MATTHEW SAMPSON and DEPUTY CHRISTOPHER CARSON, pursued and restrained SMITH, using force to do so. During this process, SMITH was taken to the ground.

11. At the time at issue during the stop, SMITH was unarmed and officers had control of the situation with SMITH on the ground and were on top of him.

12. Despite control of the situation and SMITH physically, the officers used excessive force on SMITH.

13. Defendant SAMPSON tased SMITH twice, once to the to the lower leg and several moments later to the left forearm, both while SMITH was fully restrained and on the ground.

14. Defendant CARSON was on SMITH's back while SMITH was on the ground. CARSON can be seen on video punching SMITH in the head and intentionally manipulating his ankle in an unapproved manner likely to fracture or dislocate the ankle by folding it behind him.

15. SMITH continuously objected and cried out in pain. Astonishingly, when he verbally indicated that just because he tried to run from police they cannot legally "beat the dog shi*t out of me," both CARSON and SMITH responded "yes, we can."

16. At the time the force was used on SMITH, he was not armed and was not physically assaulting officers. He had been restrained on the ground when the officer used excessive force on him, resulting in pain, suffering and a wound to the head.

17. As a result, SMITH was forced to endure unnecessary pain, discomfort and trauma.

## FIRST CLAIM FOR RELIEF

**(Violation of Federal Civil Rights Under 42 U.S.C. § 1983)**

18. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1- 17 of this Complaint as if fully set forth herein.

19. This cause of action is pleaded by Plaintiff SMITH against Defendants SAMPSON and CARSON in their individual capacity.

20. The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

21. Excessive force used on a pre-trial detainee or during arrest violates the Fourth

Amendment as an unreasonable search and seizure.

22. The Fourth Amendment has been held applicable to the States and individual state actors, a process called incorporation, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961) (incorporation of Fourth Amendment).

23. Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

24. At the times alleged in the Complaint on August 14, 2023, Defendants SAMPSON and CARSON were state actors of the State of Nevada or its political subdivisions, acting under color of law.

25. SAMPSON and CARSON did violate the civil rights of the Plaintiff under the Fourth Amendment in the following ways, without limitation, by tasing him twice, punching him in the back and back of the head, and manipulating his ankle behind him to cause him pain while he was restrained.

26. The acts of SAMPSON and CARSON deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States by use of excessive force.

27. SAMPSON and CARSON personally participated in the use of excessive force.

28. To the extent applicable, each Deputy has a duty to intervene if they observe another actor violating SMITH's civil rights, which they also failed to do.

29. SAMPSON and CARSON lacked any valid justification or Constitutional exception for their unlawful actions.

30. At the times alleged herein, the Constitutional rights of the Plaintiff were clearly established and it would be clear to a reasonable officer/actor that his conduct was unlawful in the situation he was confronted.

31. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress, and nominal damages in an amount to be proven at trial but exceeding a hundred thousand dollars ($100,000).

32. The acts of the SAMPSON and CARSON were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

33. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest, including attorney's fees and expert fees pursuant to 42 USC § 1988 and all other applicable law.

## SECOND CLAIM FOR RELIEF

### (Violation of Nevada Constitution/Constitutional Tort)

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-33 of this Complaint as if fully set forth herein.

35. This cause of action is pleaded by Plaintiff against the following Defendants: DOUGLAS COUNTY SHERIFF'S OFFICE, SAMPSON and CARSON.

36. The Nevada Constitution Art. I Sec. 18 states that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

37. The Nevada Supreme Court has held that there is a private cause of action under the Nevada Const. Art. I Sec. 18 for retrospective monetary relief, a so-called Constitutional Tort. *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022).

38. At the times alleged in the Complaint, Defendants SAMPSON and CARSON were state actors or political subdivisions of the State of Nevada, acting under color of law.

39. Defendants SAMPSON and CARSON did violate the civil rights of the Plaintiff under the Nevada Constitution, Art. I Sec. 18 in the following ways, without limitation, by tasing him twice, punching him in the back and back of the head, and manipulating his ankle behind him to cause him pain while he was restrained.

40. The acts of the Defendants SAMPSON and CARSON deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the state of Nevada.

41. Defendant DOUGLAS COUNTY SHERIFF'S OFFICE is vicariously liable for the acts of its employees, SAMPSON and CARSON.

42. The Defendant DOUGLAS COUNTY SHERIFF'S OFFICE, SAMPSON and CARSON lacked any valid justification or Constitutional exception for their unlawful actions.

43. The Nevada Supreme Court has expressly held that there is no qualified immunity for Nevada Constitutional torts.

44. As a result of the violation of Plaintiff's civil rights, he sustained physical injury, emotional distress and nominal damages in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

45. The acts of the Defendants SAMPSON and CARSON were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the State constitutionally-protected rights of others, therefore Plaintiff seeks punitive damages.

46. Plaintiff specifically pleads to notify the Court that in this action he asserts that Nevada Constitutional Torts are not subject to Nevada's statutory limits on claims against the State found in NRS § 41.035 (monetary limit on damages, bar of punitive damages) because doing so would allow the State to, by statute, limit or bar claims against it which are imposed by the Nevada Constitution.

47. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

## THIRD CAUSE OF ACTION

### (Battery)

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-47 as if fully set forth herein.

49. This cause of action is pleaded by Plaintiff against the following Defendants: DOUGLAS COUNTY SHERIFF'S OFFICE, SAMPSON and CARSON.

50. On or about August 14, 2023, Defendants SAMPSON and CARSON did personally

participate in tasing SMITH and intentionally inflicting physical harm including punching SMITH in the head and manipulating his ankle.

51. The Defendants intended to contact Plaintiff in an unconsented manner and did so.

52. Defendant DOUGLAS COUNTY SHERIFF'S OFFICE is vicariously liable for the acts of its employees, SAMPSON and CARSON.

53. As a result of the Defendants' acts, Plaintiff sustained injury in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

54. The acts of the Defendants were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

55. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

### FOURTH CLAIM FOR RELIEF

**(Negligence)**

56. Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1-55 as if fully set forth herein.

57. This cause of action is pleaded by Plaintiff against the following Defendants: DOUGLAS COUNTY SHERIFF'S OFFICE, SAMPSON and CARSON.

58. Defendants SAMPSON and CARSON had a duty to perform their job according to all applicable state and federal laws and in accordance with their training and police standards.

59. Defendants breached that duty when negligently inflicting physical harm including punching SMITH in the head and body and manipulating his ankle while he was restrained.

60. Defendant DOUGLAS COUNTY SHERIFF'S OFFICE is vicariously liable for the acts of its officers, SAMPSON and CARSON.

61. As a result of the Defendants' acts, Plaintiff sustained physical injury, emotional distress, and property damage in an amount to be proven at trial but exceeding one hundred thousand dollars ($100,000).

62. The acts of the Defendants were taken with oppression, fraud, or malice, and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the

federally protected rights of others. Therefore, Plaintiffs seek punitive damages.

63. Plaintiffs are entitled to attorney's fees, costs of suit, expert fees and interest.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages for physical injury, emotional distress, and nominal damages in an amount to be determined at trial but exceeding $100,000;

2. For punitive or exemplary damages;

3. For reasonable costs, interest and attorney's fees, including but not limited to fees available under 42 USC § 1988; and

4. Any further relief the Court deems appropriate.

Dated this 1st day of August, 2024.

**BREEDEN & ASSOCIATES, PLLC**

/s/ Adam J. Breeden

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

DATED this 1st day of August, 2024.

**BREEDEN & ASSOCIATES, PLLC**

/s/ Adam J. Breeden

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*