Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel:  (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
DOUGLAS COUNTY, MATTHEW SAMPSON,
CHRISTOPHER CARSON, and TYREE HOLDRIDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HUNTER SMITH, an individual,

        Plaintiff,

vs.

DOUGLAS COUNTY on relation of the
DOUGLAS COUNTY SHERIFF'S OFFICE, a
political subdivision of the State of Nevada;
MATTHEW SAMPSON, individually;
CHRISTOPHER CARSON, individually;
TYREE HOLDRIDGE, individually; DOES I-
V, inclusive,

        Defendants.

Case No.   3:24-cv-00340-MMD-CLB

**ORDER GRANTING STIPULATED PROTECTIVE ORDER**

In order to protect the confidentiality of confidential information obtained by the parties identified in the above caption in connection with this case, the parties hereby agree as follows:

1.  The parties hereby stipulate and agree that the following documents shall be produced by the Defendants, and shall be so designated, as confidential documents:

A.     Documents bate-stamp numbered DC00408 – DC00456  – Inmate Jail file;

B.     Documents bate-stamp numbered DC00457 – DC00488 – Inmate Jail Health Records;

C.     Documents bate-stamp numbered DC00495 – DC00528 – Sampson Personnel Incident Reports;

D.     Documents bate-stamp numbered DC00529 -DC00550 – Holdridge Personnel Incident Reports;

E.      Documents bate-stamp numbered DC00551-DC00662 – Sampson Employment/Training Records;

F.      Document bate-stamp numbered DC00926 – approval for request for representation for Sampson;

G.      Documents bate-stamp numbered DC00930-DC00951, additional Employment/Training records for Sampson;

H.      Documents bate-stamp numbered DC00952-DC01011, Holdridge Employment/Training Records;

I.      Documents bate-stamp numbered DC01012-DC01066, Carson Employment/Training Records.

3.      All confidential information produced or exchanged in the course of this case as described herein (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.      Except with the prior written consent of the party or parties who designated the material "Confidential Information," or upon the prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

(c)      individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)      consultants or expert witnesses retained for the prosecution or defense of this litigation;

(e)      the Court, Court personnel, and court reporters; and

(f)      witnesses.

5.      Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.      Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a concurrently filed  motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.   *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC.,* 809 F.3d 1092, 1097 (9th Cir. 2016).

7.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.   The party seeking the order has the burden of establishing that the document is entitled to protection.

8.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)      the party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)      the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)      the Court rules the material is not confidential.

9.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion

of this action to counsel for the party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

10.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

11.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work protection.

12.    Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

13.    By entering into the foregoing Stipulated Protective Order, the parties do not waive the right to assert confidentiality of other documents and/or materials during the pendency of discovery in this case.

Dated this 13th day of January, 2025.        Dated this 13th day of January, 2025.

BREEDEN & ASSOCIATES, PLLC            THORNDAL ARMSTRONG, PC


By: ___/s/ Adam Breeden_____    By: ___/s/ Katherine Parks_____
    ADAM J. BREEDEN, ESQ.                    KATHERINE F. PARKS, ESQ.
    7432 W. Sahara Ave., Suite 101            6590 S. McCarran Blvd, Suite B
    Las Vegas, NV  89117                      Reno, NV 89509
    Attorneys for Plaintiff                   Attorney for Defendants


**ORDER**


IT IS SO ORDERED.

DATED: This __13th__ day of __January_____ 2025.


_____
UNITED STATES MAGISTRATE JUDGE

- 4 -